PITTLEKOW HEATING & ENGINEERING CO. v. McCAIN.

CONTRACTS—ESTIMATED COST NOT BINDING WHERE BOTH PARTIES: KNEW THAT FIGURE MENTIONED IN OFFER WAS APPROXIMATE. ONLY.

Where a contractor offered to install the plumbing in owner's house and gave an estimated cost thereof, but was to be paid market price plus 10 per cent. for materials furnished and an hourly price for labor, and the owner in accepting said offer stated that he understood the figure mentioned was an approximate one, the contractor is not bound by the figure mentioned but is entitled to recover the value of the work done and materials furnished, although the cost was greatly in excess of the estimate.[1]

Appeal from Wayne; Tappan (Harvey), J., presiding. Submitted June 8, 1926. (Docket No. 1.) Decided July 22, 1926.

Bill by the Pittlekow Heating & Engineering Company against Frederick E. McCain and others to foreclose a mechanic's lien. From a decree for plaintiff, defendant McCain appeals. Affirmed.

[1]Contracts, 13 C. J. § 585.

*Prentis, Pugh, Fitch & Carpenter,* for plaintiff.

*Frederick E. McCain, in pro. per.*

SNOW, J.    The plaintiff, under contract with defendant McCain, an attorney of the city of Detroit, furnished him labor and materials by installing the plumbing in a house defendant was repairing.

The contract is evidenced by written offer and acceptance.    The material portion of the offer:

"All materials which are on the premises are to be used as far as possible in the work.    All materials supplied by us are to be invoiced to you at current market prices, plus 10 per cent. for profit.    Labor to be charged to you at $1.25 per hour for plumbers' time and if any helpers are required, this time to be charged to you at the rate of 75 cents per hour.    We expect the total cost of this work will be in the neighborhood of $600.00, but it is distinctly understood that the price is merely an approximate one and not binding in any way, shape or manner."

The material portion of the acceptance:

"I understand perfectly that the estimate of $600 is an approximate one.    I hope, however, that it may happen that the figures are about correct as this money you will realize will be lost should the property ever be wrecked to make way for a large building."

Plaintiff proceeded with the work, and, defendant refusing payment, filed a mechanic's lien against the property and brought this suit to foreclose.    Upon the trial many matters were in dispute, viz., the quantity of materials defendant had on hand to use in the work, what materials were furnished by the plaintiff, the amount and quality of work performed, the sum to which plaintiff was entitled, and the date upon which the last of the work and labor was done.

It is, however, regarded as unnecessary, and without interest or profit to the profession, to detail the evidence upon these disputed matters.    It is sufficient to say that the questions of fact raised were all de-

termined by the chancellor, and, after a careful examination of the evidence, we think correctly.

The amount decreed due plaintiff was $1,127.67. The defendant insists that the offer to perform the work for $600 means "more or less" or some equivalent expression and cannot be materially varied; that the amount found to have been due is such a material variance from the offer that defendant cannot be charged with its payment. We are referred to many cases dealing with the interpretation of contracts containing the qualifying words "about," "more or less," etc. But they are without application here. Plaintiff did not know the quantity of material defendant had on hand, and claimed on the trial they were much less than defendant represented; cost of labor and materials were most uncertain at the time the work was undertaken (1918); and estimates were difficult. The offer simply stated that it was expected the total cost would be in the neighborhood of $600, but that it was to be "distinctly understood that this price is merely an approximate one *and not binding in any way, shape, or manner.*" This was positive warning that plaintiff would not be bound by the estimate, and defendant so understood it when he replied that he understood perfectly that the estimate of $600 was an approximate one, but that he hoped it might happen that the figure would be about correct.

Under such circumstances, plaintiff cannot be bound by the suggested cost, and is entitled to the value of the work done and materials furnished under the terms of the contract. This was clearly the intent of the parties as evidenced by the proposal and acceptance. There are no other questions of merit in the case.

The decree is affirmed in all respects, with costs to the plaintiff.

BIRD, C. J., and SHARPE, STEERE, FELLOWS, WIEST, CLARK, and MCDONALD, JJ., concurred.